Curia, per

Earle, J.
The defendant received a sum of money due upon a judgment originally in his own favor, which he had assigned to G. C. Dial, and the latter had assigned to these plaintiffs. The defendant had notice of this last assignment before the receipt of the money, and therefore became liable in this action to the plaintiffs for so much money had and received to their use, if in fact they were the assignees of G. C. Dial. But if the assignment to them was not bona fide, but collusive and colorable only, it would seem to follow that the money when received was received to the use of G. C. Dial. If he had brought assumpsit to recover it, it is not to be doubted that the defendant might have availed himself, by way of discount, of his own judgment against Dial, the consideration of which was in part the judgment against Farley, on which the *47 money was paid to the defendant. The title of the plaintiff to the thing in question, his right to sue upon the particular cause of action set forth, must be made out, at least prima facie, by himself; and may always be inquired into, and his proof rebutted, on the part of the defendant. It therefore became a suitable subject of inquiry, whether the assignment to the plaintiffs, under which they claimed the funds in the hands of the defendant, was really and bona fide executed by G. C. Dial, for the purpose of transferring his interest in the judgment to the plaintiffs 1 If such had been the fact, the jury were instructed to find for the plaintiffs. But if, on the contrary, the assignment was without consideration, collusive and colorable, intended merely to enable the plaintiffs to recover the funds in their name for the benefit of G. C. Dial, then it should be regarded only as a power of attorney, and the defendant should not be deprived of his just defence against G. C. Dial, who, in that case, should be the real plaintiff. If the payee of a negotiable note should transfer it by endorsement or delivery, without consideration, to a third person, in order to sue the maker in another name, and thus avoid a substantial defence which the latter might make, on proof of such collusive arrangement the defence would be let in. The verdict of the jury has established that such was the character of the assignment, by G. C. Dial, of the judgment in question, to the plaintiffs. The payment of this judgment had been guaranteed to Dial by the defendant; and if the judgment against Dial and others, in favor of Johnson, which the former was intended to enable Dial to pay, was satisfied by the defendant, with the knowledge and approbation of Dial, it certainly strengthens the ground on which he claims to retain the funds, and to set off his judgment against Dial, to the demand of the latter on the judgment against Farley. The evidence was abundantly sufficient to sustain the conclusion of the jury, that the assignment to the plaintiffs was a mere pretence; and a majority of the court are of opinion that it was entirely consistent with the rules of law that the defendant should be allowed to resist the action as if brought by G. C. Dial himself. The discount exceeded the demand sued for; as the action was not in the name of G. G. Dial, there could only be a ver *48 diet generally for the defendant, which the court does not perceive any sufficient reason to set aside ; and the motion is refused.
Richardson, O’Neall, Evans and Butler, JJ., concurred.
Wardlaw, J. — absent at the argument.